UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OCTAVIO HERNANDEZ,

      Petitioner,

-v-

SUPERINTENDENT KHAHAIFA
*Orleans Correctional Facility*,

      Respondent.

Case No. 10-CV-6582 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

  Petitioner Octavio Hernandez, proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York state court, after a guilty plea, on one count of sexual abuse in the first degree and on one count of criminal possession of a weapon in the third degree. (Report and Recommendation ("R&R") 1 [Dkt. No. 11].) The case was referred to Magistrate Judge Paul E. Davison, pursuant to 28 U.S.C. § 636(b). (Dkt. No. 5.) Magistrate Judge Davison issued a Report and Recommendation recommending that this Court dismiss Petitioner's habeas corpus petition as untimely. (R&R 16.) In the R&R, Magistrate Judge Davison provided notice that objections to the R&R were due within 17 days of the R&R's filing, and that failure to object would constitute a waiver of Petitioner's right to appeal. (*Id.*) On May 27, 2011, Petitioner wrote a letter to the Court requesting an extension of time to file objections, and the Court granted the request, but no objections were ultimately filed. For the reasons below, the Court adopts the R&R in its entirety and dismisses the petition as untimely.

## I. The Court's Jurisdiction

On July 15, 2011, Petitioner's wife notified the Court that Petitioner had been released from state custody and deported to Mexico. (Dkt. No. 13.) With Petitioner no longer in prison, or even in this country, a few brief jurisdictional remarks are in order, as the Court has an independent and ongoing duty to assure itself that it has jurisdiction to render a decision. *See Coll. Standard Magazine v. Student Ass'n of State of Univ. of N.Y. at Albany*, 610 F.3d 33, 35 (2d Cir. 2010) (courts have "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*" (internal quotation marks omitted)).

The Court is satisfied that Petitioner meets the "in custody" requirement of 28 U.S.C. § 2254(a). That provision specifies that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has interpreted this to mean that the statute "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added); *see also Reyes-Sanchez v. Ashcroft*, 261 F. Supp. 2d 276, 283 (S.D.N.Y. 2003) (collecting cases for the proposition that "the habeas statutes require only that the petitioner be 'in custody' at the time the petition is filed"). Thus, because Petitioner was in prison at the time his petition was filed, his subsequent release does not deprive the Court of jurisdiction to entertain the Petition.

Nor does Petitioner's subsequent removal from the United States moot this case. The governing law is that "[o]nce the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole — some 'collateral consequence' of the conviction — must exist if the suit is to be maintained." *Spencer v. Kemna*,

2

523 U.S. 1, 7 (1998). Here, this requirement is met, even though Petitioner's precise whereabouts are unknown. This is because the lifetime bar on reentry into the United States for aliens, like Petitioner, who have been convicted of an "aggravated felony" is a sufficiently concrete "collateral consequence" of a state conviction to maintain a petitioner's personal stake in the outcome. *See United States v. Hamdi*, 432 F.3d 115, 121 (2d Cir. 2005) (holding that a habeas petition from an alien who had been removed from the country "presented a live controversy because the writ, if granted, would remove a permanent bar on readmission and allow [a petitioner] to seek a purely discretionary form of relief from deportability."); *see also In re Reyes*, 2004 WL 1059567, at *1–2 (BIA Mar. 11, 2004) (holding that conviction for sexual abuse in the first degree under N.Y. Penal Law § 130.65(1), the exact provision under which Petitioner was convicted here, is an aggravated felony under federal immigration law).

## II. Review of the Petition

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), parties may submit objections to a magistrate judge's report and recommendation. The objections must be "specific" and "written," and they must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(c), plus an additional three days when service is made pursuant to Federal Rule of Civil Procedure 5(b)(2)(c)-(f), *see* Fed. R. Civ. P. 6(d).

"[W]here a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal

3

quotation marks omitted). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

Magistrate Judge Davison recommended denying the Petition on the ground that the Petition was filed after the one-year statute of limitations provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") had passed. (R&R 11–12.) The Court finds no clear error in that conclusion and therefore adopts the R&R in its entirety.

As Magistrate Judge Davison properly recognized, Petitioner's August 3, 2010 Petition was not timely. The one-year time to file a federal petition for habeas corpus began when Petitioner's state court judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). The clock here started running on September 11, 2004, 30 days after his time for filing a notice of appeal expired. (R&R 11; Resp. Ex. B (noting the date of judgment was August 12, 2004.) Therefore, September 11, 2005 was the last day for Petitioner to file a federal habeas petition, absent any applicable tolling. The most common way to toll the time to file a federal habeas petition is by seeking post-conviction review in state court: specifically, if an application for post-conviction review is pending in the state court system, then the time that it takes for that review to end does not count toward the one year statute of limitations for filing habeas relief. 28 U.S.C. § 2244(d)(2). But this tolling only applies if the state post-conviction application for review is made within the statute of limitations period; it does not "reset the date from which the one-year statute of limitations begins to run." *Smith v McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). As Magistrate Judge Davison recounts and as the record makes clear, from the time of entry of

4

judgment until he filed an April 2, 2008 state post-conviction motion, Petitioner did not appeal his judgment nor take any legal action at all, in federal or state court. (R&R 3; Resp. Ex. F.) Even assuming the April 2, 2008 filing stopped the clock for federal habeas purposes, the one-year statute of limitations for filing this Petition had already run many times over.

Even though Petitioner did not even address the timeliness issue in either his Petition or his Reply, Magistrate Judge Davison did an admirable job of exploring all reasonable arguments that could be made on Petitioner's behalf to extend the time to file. His conclusion that all of these avenues prove fruitless is correct.

Magistrate Judge Davison explored whether the time to file may be extended by equitable tolling, and properly concluded that it may not. To have the one-year statute of limitation be equitably tolled, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Magistrate Judge Davison found that Petitioner was not diligent in pursuing his rights because he waited over three years even "to attempt to appeal his conviction," (R&R 15), and there were no extraordinary circumstances in Petitioner's case that would justify tolling the statute of limitations. (*Id.*) This determination is correct given the fact that Petitioner has not offered any explanation at all for why he waited until 2008 to challenge his conviction in any way.

Moreover, Magistrate Judge Davison also correctly concluded that 28 U.S.C. § 2244(d)(1)(D) — which provides an alternative one-year statute of limitations that begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" — does not save Petitioner. (R&R 12–13.) There is evidence in the record that, with due diligence, Petitioner could have

5

discovered in 2004 that his retained attorney was also an assistant County Attorney. (*See* Resp. Ex. P, Attachment Ex. E (Letter from John Wombacher including the 2004 Directory of Sullivan County Officials and Offices).) Thus, the one-year time to file a petition based any claim related to that alleged conflict of interest would also have begun sometime in 2004. (R&R 12 (citing, *inter alia*, *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000).)

In any event, Petitioner's claims would have been denied on the merits. Turning first to the attorney conflict-of-interest claim, to be entitled to relief, a petitioner must "establish that the conflict of interest adversely affected his counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 174 (2002). But Petitioner does not explain how counsel was deficient. Indeed, from the record, counsel appears to have been quite effective: the People had strong evidence, including DNA evidence, to be able to convict Petitioner of Rape in the First Degree — which would have come with a likely 25-year sentence — but counsel was able to reach a plea agreement to a lesser included offense, and Petitioner was ultimately sentenced to seven years in prison. (Answer ¶ 4.) Plus, a 2004 letter from defense counsel to Petitioner shows that, even if Petitioner were acquitted of the top rape charge, any defense would almost certainly have to have involved his admitting to both statutory rape and the felon-in-possession charge, which combined would result in at least 3 2/3 years in prison and possibly as much as 11 years. (Letter of Marvin Newberg, dated June 3, 2004, at 1.) Given that reality, Petitioner's ultimate seven-year sentence seems like a reasonable outcome for Petitioner. Further, there is no evidence, in the letter or elsewhere, that counsel's performance was adversely affected by the fact that he may have represented the County in unrelated civil actions at that time.

Second, Petitioner invokes a variety of legal concepts surrounding the seizure of his gun — including that his "constitutional rights to due process and equal protection" were violated by

the seizure of the gun, and that the fact that the retrieved weapon was not suppressed demonstrates the "continuing ineffectiveness of defense counsel," (Pet. 7) — but these contentions lack merit however they are classified. The factual predicate for this claim is difficult to discern given the limited record and explanation offered, but Petitioner's mention of ineffective assistance implies that counsel did not move to the suppress the gun. In support of the proposition that a suppression motion should have been made, Petitioner states in his reply memorandum that he "never gave consent to search [his] property," contending instead that the police "gave [him] papers to put [his] initials on and [he] couldn't see the paper." (Aff. in Opp. to Resp. Answer to Pet. unnumbered 4 [Dkt. No. 10].) But in the very next sentence, Petitioner admits that he voluntarily "gave the detective the gun as soon he came in." (*Id.*) Given this conflicting account, Petitioner has not nearly made a threshold showing that "it is likely that the suppression motion, [if it were made], would have succeeded, or that there is a reasonable probability that the suppression motion would have succeeded." *Maldonado v. Burge*, 697 F. Supp. 2d 516, 527 (S.D.N.Y. 2010) (emphases removed). Anyway, the record reveals that, in fact, there was a suppression hearing of some sort held. (Letter of Marvin Newberg, dated June 3, 2004, at 1–2.) Though the scope of that hearing is unclear, the fact that counsel did make a motion to suppress shows that counsel considered the admissibility of the evidence, and that any decision not to move to suppress the gun would have likely been based on a reasonable strategy. (*See also* Resp. Ex. L (in the state court order denying Petitioner's 440.20 motion, the trial judge who handled the original case noted that there was "lengthy motion practice" before Petitioner ultimately entered a plea).)

Finally, Petitioner's claim that his sentence was illegally imposed does not state a federal claim. Petitioner was sentenced to a seven-year determinate term of imprisonment after pleading

7

guilty to a charge of sexual abuse in the first degree. In New York, this is a class D felony. N.Y. Penal Law § 70.02(1)(c). The prison term for a class D felony in New York "must be at least two years and must not exceed seven years." *Id.* § 70.02(3)(c). While the sentence the judge delivered orally is a little bit confusing because the judge initially said that Petitioner's sentence would be five years for the sexual abuse charge before saying that it would run seven years, any minor confusion that this may have caused is of no constitutional moment; rather, because Petitioner's seven-year sentence was within the state statutory sentencing range, "[n]o federal constitutional issue is presented." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *see also Gonzales v. Travis*, 172 F. Supp. 2d 448, 457 (S.D.N.Y. 2001) ("It is well established that, when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as grounds for federal habeas relief." (internal quotation marks omitted)).

Petitioner elsewhere claims that the sentence was illegal because he was never given a chance to speak at sentencing. (*See* Aff. in Opp. to Resp. Answer to Pet. unnumbered 5.) While it is true that Petitioner never spoke and was never explicitly asked whether he wished to say anything after his attorney finished speaking on his behalf, the judge did advise Petitioner at the beginning of the sentencing hearing that "after your attorney speaks, you have the opportunity to say something if you want to." (Sentencing Tr. 2.) But even assuming that the trial judge's failure explicitly to renew this offer when Petitioner's attorney stopped speaking could constitute a failure to afford Petitioner his *state* statutory right to speak before the sentence was imposed, that would not provide grounds for habeas relief, because a "defendant's right to a sentencing allocution is a matter of criminal procedure and not a constitutional right." *United States v. Li*, 115 F.3d 125, 132 (2d Cir. 1997); *see also Armato v. State of N.Y.*, 520 F. Supp. 1205, 1206–07 (S.D.N.Y. 1981) ("Accepting petitioner's statement that he was not afforded his right of

8

allocution, it provides no basis for a collateral attack by writ of habeas corpus. At least, as here, where the defendant was not affirmatively denied an opportunity to speak, and there is no evidence of other aggravating circumstances, the failure of the sentencing judge to ask the defendant who was represented by counsel whether he had anything to say was not an error of constitutional dimensions." (footnotes omitted)).

### III. Conclusion

Having reviewed the Petition and the record, the Court finds that none of Petitioner's claims warrants habeas relief. In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *see also United States v. Perez*, 129 F.3d 255, 259–60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).

Accordingly, it is hereby

ORDERED that the R&R is ADOPTED; and it is further

ORDERED that the Court declines to issue a certificate of appealability; and it is further

ORDERED that the Petition is DISMISSED; and it is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

DATED: White Plains, New York
July 31, 2013

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

9